UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DIAZ,<br>　　　　Petitioner<br>　　v.<br>SCOTT FRAUENHEIM,<br>　　　　Respondent. | Case No. 5:19-cv-01415-PA (GJS)<br>Case No. 5:19-cv-01441-PA (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On July 31, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District in Case No. 5:19-cv-01415-PA (GJS) (Dkt. 1,"Petition"). The Petition stems from Petitioner's 2013 conviction in San Bernardino County Superior Court Case No. FVA700187 (the "State Conviction"). (Petition at 2.)[1]

On August 2, 2019, the Clerk's Office filed as a separate action – Case No. 5:19-cv-01441-PA (GJS) – a document submitted by Petitioner on July 18, 2019, and received by the Clerk's Office on July 23, 2019, entitled "Request for Extension of Time for Federal Habeas Corpus" (Dkt. 1, "Request"). The Request, at the time submitted, sought a prospective 60-day extension of Petitioner's time to file the Petition. Although federal courts generally lack jurisdiction to consider such

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court.

requests absent a filed habeas petition, in this instance, because the Petition was received and filed in the interim ten-day delay before the Clerk's Office actually filed the Request, the Court will consider the Request in connection with the Petition.

After Petitioner was sentenced pursuant to the State Conviction in January 2014, he appealed to the California Court of Appeal (Case No. G052142). (Petition at 2-3.) On June 30, 2016, in a written reasoned decision, the California Court of Appeal affirmed the judgment. (Petition Ex. B.) Petitioner did not file a petition for review with the California Supreme Court or seek permission to file a late appeal.[2] (Petition at 3.)

A year and two months later, Petitioner commenced seeking state habeas relief. He filed a habeas petition in the trial court (San Bernardino County Superior Court Case No. WHCJS1700312), which he alleges raised an unspecified ineffective assistance of counsel claim. Petitioner states that this petition was filed on August 31, 2017 (Petition at 3), although the trial court's docket for the case shows that the petition was filed on September 7, 2017. On October 24, 2017, the trial court denied the petition. (Petition at 4.)

Approximately two months later, Petitioner filed a habeas petition in the California Court of Appeal (No. G055831), again raising an unspecified ineffective assistance of counsel claim. Petitioner alleges that he filed the petition on December 15, 2017 (Petition at 4), although the docket for the California Court of Appeal states that the petition was filed on January 9, 2018. On February 1, 2018, the California Court of Appeal denied the petition without comment.

Petitioner then filed a habeas petition in the California Supreme Court (No.

---

[2] On December 11, 2017, a year and a half after the California Court of Appeal's decision on direct appeal, Petitioner submitted an "accusation" against his appellate counsel in the California Supreme Court, in Case No. S247185, complaining that his appellate counsel had abandoned him. (Petition at 3.) As the accusation was defective, it was not formally filed until February 26, 2018, following correction. On May 9, 2018, the California Supreme Court denied the accusation.

S248285), which raised the six claims pleaded in the instant Petition. (Petition at 4.) Petitioner alleges that he filed the petition on March 27, 2018 (*id.*), although the California Supreme Court's docket states that it was filed on April 16, 2018. On August 22, 2018, the California Supreme Court denied relief summarily.

Eleven months months passed. On July 24, 2019, Petitioner signed the verification to, and a proof of service for the mailing of, the Petition (Dkt. 1, ECF #13; Dkt. 1-5, ECF #130) and a correctional officer received it for mailing on that same date (Dkt. 1-2, ECF #142).[3] While the Petition was not formally filed by the Clerk's Office until July 31, 2019, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on July 24, 2019. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE CLAIMS ALLEGED IN THE PETITION

The Petition raises six claims. Grounds One and Five allege that trial counsel provided ineffective assistance by failing to investigate information indicating that evidence used at trial was false and a pre-trial identification of Petitioner was tainted. Ground Two relates to the asserted false evidence and alleges that there was a three-year gap in the chain of custody for such evidence, the person who collected it did not testify at trial, and trial counsel performed ineffectively by failing to investigate and challenge the evidence. Ground Three alleges that the prosecutor committed misconduct during closing argument and that trial counsel performed ineffectively by failing to challenge such misconduct. Ground Four alleges a federal version (Confrontation Clause) of a claim based on a claim raised during

---

[3] The Petition also bears a June 30, 2019 signature date, but it plainly was not mailed to the Court on that date.

The Request appears to have been provided to a correctional officer on July 18, 2019, and formally mailed on July 19, 2019.

3

Petitioner's direct appeal, namely, that statements made by a co-defendant had been found to be inadmissible hearsay yet were allowed into evidence at trial when the case went to a different judge. Finally, Ground Six alleges that appellate counsel provided ineffective assistance by failing to submit a meritorious opening brief and by failing to raise Grounds One through Five on appeal.

Thus, five of the claims raised in the Petition are based on matters that occurred before and during Petitioner's trial in 2013. The sixth is based on appellate counsel's asserted failings that took place in 2014, when he filed the opening brief.

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).[4] Given the nature of the claims alleged in the Petition and the record available, the subpart (d)(1)(A) limitations period is the only one that appears applicable to the Petition. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which his ability to seek review in the California Supreme Court expired. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (rejecting argument that "final" means the date on which a state appellate court issues a remittitur or mandate and holding that finality means the last

---

[4] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

4

date on which a defendant can file a petition for review with the state high court under state law); *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (it is the decision of the state appellate court, and not the ministerial act of issuing the mandate, that renders review final). Because Petitioner did not file a petition for review with the California Supreme Court following the California Court of Appeal's June 30, 2016 decision, his criminal judgment was final under Section 2244(d)(1)(A) 40 days later, *i.e.,* on August 9, 2016. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002); Rules 8.366(b)(1) and 8.500(e)(1) of the California Rules of Court. Petitioner's limitations period commenced running the next day (August 10, 2016). *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom*, 264 F.3d at 897. Therefore, Petitioner had until August 9, 2017, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, statutory tolling may be afforded "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Evans v. Chavis*, 546 U.S. 189, 191-92; *Pace*, 544 U.S. at 413-14.

As the above description of Petitioner's prior proceedings shows, he did file a series of state habeas petitions, and his first such petition was "filed," according to him, on August 31, 2017, although not formally filed until September 7, 2017. The

5

Court assumes the August 31, 2017 Petitioner alleges was the petition's date of mailing, and for purposes of argument, will assume that allegation is true. Even so, Petitioner did not mail his first state court habeas petition until 22 days *after* his limitations period already had expired. As a result, neither that trial court habeas petition nor the two that followed it in the state appellate and high courts can serve as any basis for statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Accordingly, Section 2244(d)(2) tolling is inapplicable here, and Petitioner's limitations period expired on August 9, 2017 – almost two years before he mailed the instant Request and Petition to the Court. The Petition thus is untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to

equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding that equitable tolling applies here to render the Petition timely. With respect to Petitioner's delay after the California Court of Appeal's decision was final in early August 2016, he alleges that his appellate counsel "abandon[ed]" him and, because it was too late to file a petition for review in the California Supreme Court, "the remaining time was spent on filing a complaint and a habeas corpus." (Petition at 3.) Petitioner, however, did not file his complaint against appellate counsel until 16 months after the California Court of Appeal's decision had become final, and he did not submit his trial court habeas petition (raising a single ineffective assistance claim) for filing until over a year after that same date. There is no tenable reason why Petitioner delayed so long in taking these actions, much less any basis for finding that an extraordinary circumstance prevented Petitioner from acting diligently. *See Guillory v. Roe*, 329 F.3d 1015, 1016, 1018 (9th Cir. 2003) (declining to afford equitable tolling, despite a circumstance that otherwise would warrant it, when the petitioner failed to act diligently in exhausting his claims); *Miles*, 187 F.3d at 1107 (equitable tolling is not appropriate when it is the petitioner's own conduct, rather than "external forces," which account for the failure to timely seek federal habeas relief); *see also Lawrence*, 594 U.S. at 336 (equitable tolling is not available unless the petitioner meets his burden of showing "that he has been pursuing his rights diligently"); *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence."); *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (if the petitioner "'has not exercised reasonable diligence in attempting to file'" despite impediments, "'the link of causation between the extraordinary

7

circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing'") (citation omitted).

In addition, after the California Supreme Court denied habeas relief on August 22, 2018, Petitioner delayed almost 11 months before mailing the Petition to this Court, even though, as he alleges, it raises the *same* claims as were raised in his California Supreme Court habeas petition. There is no logical reason why Petitioner simply did not resubmit his already-formulated and raised claims here on a prompt basis once the state high court denied relief. *See Waldrip*, 548 F.3d at 737 (finding that a delay between two state habeas petitions was unjustified when the two petitions were "nearly identical," and thus, the second one "easily" could have been filed sooner); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (when habeas petitions were nearly identical, it was unreasonable for "excess time" to pass between the denial of one and the filing of the other). Indeed, it is inexplicable that, according to Exhibit 5 to the Request, Petitioner did not request a Section 2254 habeas petition form to use for his federal court filing until June 12, 2019, almost ten months after the conclusion of his state habeas proceedings. And while the Court acknowledges the evidence attached to the Request indicating that, following a late February 2019 transfer, Petitioner did not obtain his property until on or about May 1, 2019, nothing in the record provides a tenable excuse for why Petitioner did not act diligently before then, *i.e.*, within a reasonably prompt period after the California Supreme Court's August 22, 2018 decision denying the same claims now alleged here. In any event, any three-month delay in Petitioner's receipt of his property following his February 2019 transfer is irrelevant, given that his limitations period had expired at least a year and a half earlier on August 9, 2017. The same conclusion is true as to Petitioner's complaints, in the Request, about allegedly impaired law library access and a delay in obtaining a trust account statement in June 2019; these events occurred well after his limitations period already had run, and cannot retroactively resurrect or extend it.

There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis. Rather, it appears that it was Petitioner's substantial delays, both following the California Court of Appeal's decision and following the California Supreme Court's decision, that caused the Petition to be as untimely as it is now. There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, both the Petition and the related Request remain untimely by close to two years.

* * * * *

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **September 10, 2019**, Petitioner shall file a Response to this Order To Show Cause addressing this issue as follows: if Petitioner concedes that this action is untimely, he shall so state clearly; but if Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

///
///

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: August 6, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE