UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DIAZ,<br>    Petitioner<br>v.<br>SCOTT FRAUENHEIM,<br>    Respondent. | Case No. 5:19-cv-01441-PA (GJS)<br><br>ORDER: DISMISSING DUPLICATIVE ACTION; AND DENYING A CERTIFICATE OF APPEALABILITY |

On July 31, 2019, the Clerk's Office filed a 28 U.S.C. § 2254 habeas petition submitted by Petitioner and assigned it Case No. 5:19-cv-01408-PA (MAA) (the "First-Filed Action"). The petition in the First-Filed Action indicated that Petitioner had submitted it to prison authorities for mailing on July 24, 2019, and that the Clerk's Office had received it on July 29, 2019.

On July 24, 2019, by separate envelope, Petitioner mailed a copy of the First-Filed Action petition to this District, which the Clerk's Office also received on July 29, 2019. Rather than treat this mailing as an extra copy of the petition already filed in the First-Filed Action, the Clerk's Office initiated a separate, new action and assigned it Case No. 5:19-cv-01415-PA (GJS) ("Second-Filed Action"). Thus, as of July 31, 2019, Petitioner had two virtually identical Section 2254 habeas actions

pending in this District.[1]

Before the above two habeas cases commenced, on or about July 18, 2019, Petitioner mailed a letter to the Clerk of this District, in which he requested a prospective extension of the statute of limitations for his – at that time – not-yet filed Section 2254 habeas petition. The Clerk's Office received that letter on July 23, 2019, before the First-Filed and Second-Filed Action petitions had been received in the mail. For reasons unclear to the Court, the Clerk's Office did not take action on the letter at that time. Instead, after the First-Filed and Second-Filed Actions had been docketed and commenced, the Clerk's Office, on August 2, 2019, generated a *third* case by assigning a new case number and filing and docketing the January 18, 2019 letter as a pleading initiating a separate Section 2254 habeas case, namely, the instant action, Case No. 5:19-cv-01441-PA (GJS).[2]

On August 6, 2019, in the two Section 2254 cases pending before her, United States Magistrate Judge Gail J. Standish issued an Order To Show Cause Re: Possible Dismissal for Untimeliness. [Dkt 3, this action; Dkt. 4, Second-Filed Action.] On September 9, 2019, Petitioner filed a Response. [Dkt. 4, this action; Dkt. 5, Second-Filed Action.]

Thus, as of August 2, 2019, Petitioner had three separate Section 2254 habeas actions pending in this District that all challenged the same state conviction (a 2013 conviction in San Bernardino County Superior Court Case No. FVA700187). In two of those, a potential untimeliness problem had been flagged with respect to Petitioner's desired habeas challenge to this state conviction. In the other, the First-Filed Action, on September 20, 2019, Respondent filed a motion to dismiss on the

---

[1] The petition docketed in the First-Filed Action is missing a page contained in the petition docketed in the Second-Filed Action. Thus, the Second-Filed Action more correctly reflects the petition that Petitioner wishes to pursue.

[2] At that point in time, the letter, instead, should have been filed in either or both of the two concurrently-filed pending Section 2254 cases, rather than been treated as, in effect, a separate habeas petition warranting a separate case number.

2

ground that the case was duplicative of the concurrently-filed Second-Filed Action, in which the timeliness issue already had been briefed and was proceeding to consideration. Petitioner did not oppose that motion. On November 12, 2019, the Court dismissed the First-Filed Action without prejudice to Petitioner's pursuit of the duplicative Second-Filed Action. [Dkt. 10, First-Filed Action.] Even though he did not oppose the motion to dismiss and has not identified any reason why he should be allowed to pursue wholly duplicative actions at the same time, Petitioner has appealed that November 12, 2019 Order. [Dkt. 13, First-Filed Action.]

The Second-Filed Action is proceeding, and the timeliness issue will be resolved either in Petitioner's favor – in which case the claims alleged in the petition filed in that case will proceed to a merits consideration – or against Petitioner. In either event, there is no reason for the letter filed in this action to proceed as a *separate* Section 2254 habeas action, particularly given that the letter does not constitute an actual habeas petition and, at the time it was submitted, simply sought a prospective extension of the limitations period before Petitioner could file his Section 2254 habeas petition. He has done so now through the petition pending in the Second-Filed Action, and the timeliness issue will be resolved therein, including the questions of whether that petition was untimely and Petitioner should receive equitable tolling based on any of the circumstances he alleges, both through the instant letter and his Response to the Order To Show Cause. Indeed, in her Order To Show Cause, Magistrate Judge Standish made clear that she had considered the substance of the letter and its attachments, and these matters will continue to be considered until the timeliness issue is resolved, as they are a part of the record.

The resources of the Court and the litigants before it are not endless and should not be expended in a duplicative manner for no good reason. There is no tenable reason for the Court to rule on what is a single timeliness issue twice, simply because Petitioner's submissions improperly were split into two separate cases when they should have been filed and docketed as one. There also is no tenable reason for

Petitioner to be forced to submit duplicative filings in two separate cases (with an attendant cost to him and duplication of effort) when a single filing in one case will suffice. There simply is no legitimate reason why a Clerk's Office error should necessitate that parallel cases proceed based on a single Section 2254 habeas attack on a single state court conviction, when that error can be corrected by allowing Petitioner to proceed with a single case – the pending Second-Filed Action – which will afford him the full opportunity for the consideration of his habeas petition.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A plaintiff must bring one action against a party or privies relating to the same transaction or event. *Id.* at 693. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal.'" *Id.* at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"); *Shappell v. Sun Life Assur. Co.*, No. 10-cv-03020-MCE-EFB, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011) (dismissing second of two separate, but identical, actions, observing that "[t]he inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the 'comprehensive

4

disposal of litigation'") (citation omitted).  The fact that a district court has identified defects in a first-filed action does not give a litigant the right to file a second lawsuit based upon the same facts.  *Adams*, 487 F.3d at 688; *see also Garza v. Unknown*, No. 1:08-cv-01307 GSA, 2009 WL 197528 (E.D. Cal. Jan. 27, 2009) (dismissing habeas petition on the ground it was duplicative when it sought to challenge same conviction challenged by earlier petitions that had been dismissed for failure to state a claim).

There is no justification for allowing two separate cases to proceed based on what plainly is a single Section 2254 attack on Petitioner's state court conviction.  In the interests of judicial economy, this action will be dismissed on the ground that it is duplicative of the parties and claims and matters at issue in the First-Filed Action.

Accordingly, IT IS ORDERED that:  this action is dismissed, without prejudice, on the ground that it is duplicative of a pending action; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted.  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: February 12, 2020

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

5